# EXHIBIT A



**CORPORATION SERVICE COMPANY®**

null / ALL
**Transmittal Number: 10311352**
**Date Processed: 09/11/2012**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Wendy Gibbons<br>Concentra Inc.<br>5080 Spectrum Drive W Twr<br>Suite 1200<br>Addison, TX 75001 |
| **Copy of transmittal only provided  to:** | Milo Caldwell<br>Kara Vogelsang<br>Tim Koscheski<br>Ms. Joyce King<br>Lori Cooper<br>Gary Reed<br>Mary Turner |

| | |
|---|---|
| **Entity:** | Concentra Laboratory, L.L.C.<br>Entity ID Number  2126124 |
| **Entity Served:** | Concentra Laboratory, LLC, d/b/a Advanced Toxicology Network |
| **Title of Action:** | Dionne Jones vs. Concentra Laboratory, LLC, d/b/a Advanced Toxicology Network |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Shelby County Circuit Court, Tennessee |
| **Case/Reference No:** | CT-003752-12-V |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 09/10/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Reva M. Kriegel<br>901-527-1319 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

*Reva M. Kriegel*
*Attorney at Law*
**FRONT STREET SQUARE**
**266 SO. FRONT STREET • SUITE 206 • MEMPHIS, TENNESSEE 38103**
PHONE (901) 527-1319 • FAX (901) 529-9101
kriegelreva@hotmail.com

September 5, 2012

**Via *CERTIFIED MAIL, RETURN RECEIPT REQUESTED***

Concentra Laboratory, LLC, d/b/a Advanced Toxicology Network
c/o CORPORATION SERVICE COMPANY, Registered Agent
2908 Poston Avenue
Nashville, TN 37203-1312

> **Re:** ***Dionne Jones and Sheila Reed v. Concentra Laboratory, LLC d/b/a Advanced Toxicology Network ("ATN")***
> **Docket No. CT-00375-12-V (Circuit Court of Tennessee for Thirtieth Judicial District at Memphis)**

Dear Sir or Madam:

Enclosed for service on Concentra Laboratory, LLC, d/b/a Advanced Toxicology Netwwork ("ATN") in the captioned matter, please find the following:

1. Summons;
2. Complaint for Retaliatory Discharge and Race Discrimination;
3. Plaintiffs' First Set of Interrogatories; and
4. Plaintiffs' First Requests for Production of Documents and Things

If you have any questions regarding this matter, please contact me.

Thank you.

Very truly yours,

*Reva M. Kriegel*

Reva M. Kriegel
Attorney at Law

cc. Russell W. Jackson
    Carl Morrison
    Steven W. Barnat
    Dionne Jones
    Sheila Reed

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _CT-003752-12_

☑ Lawsuit
○ Divorce

Ad Damnum $ 500,000

| | | |
|---|---|---|
| Dionne Jones and Shiela Reed | VS | Concentra Laboratory, LLC, d/b/a Advanced Technology Network |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Concentra Laboratory, LLC
5080 Spectrum Drive
1200 West Tower
Addison, Texas 75001

c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

or

Concentra Laboratory, Inc.
c/o Russell W. Jackson, Esq.
OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.
International Place Tower II   6410 Poplar Ave, Suite 300, Memphis TN 38119

Method of Service:
☑ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Reva M. Kriegel and/or Steven Barnat                        Plaintiff's attorney, Whose address is  266 South Front Street, Suite 206, Memphis, TN 38103 , telephone (901) 527- 1319 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED ____8-28-12____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and need not be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE / DONNA RUSSELL,  Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE , Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-003752-12

- ⦿ Lawsuit
- ○ Divorce

Ad Damnum $ 500,000

Dionne Jones and Shiela Reed

VS

Concentra Laboratory, LLC, d/b/a Advanced Technology Network

Plaintiff(s)                    Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Concentra Laboratory, LLC
5080 Spectrum Drive
1200 West Tower
Addison, Texas 75001

c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

or

Concentra Laboratory, Inc.
c/o Russell W. Jackson, Esq.
OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.
International Place Tower II   6410 Poplar Ave, Suite 300, Memphis TN 38119

Method of Service:
- ☑ Certified Mail
- ○ Shelby County Sheriff
- ○ Commissioner of Insurance ($)
- ○ Secretary of State ($)
- ○ Other TN County Sheriff ($)
- ○ Private Process Server
- ○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on  Reva M. Kriegel and/or Steven Barnat                    Plaintiff's attorney, whose address is  266 South Front Street, Suite 206, Memphis, TN 38103              , telephone  (901) 527-1319  within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED      8-28-12               By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____

Signature of person accepting service                                                Sheriff or other authorized person to serve process

---

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

|  |  |
|---|---|
| DIONNE JONES and SHEILA REED | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CT-003752-12- |
| | ) |
| CONCENTRA LABORATORY, LLC, | ) Jury Trial Demanded |
| d/b/a ADVANCED TOXICOLOGY | ) |
| NETWORK. | ) |
| Defendant. | ) |

**COMPLAINT FOR RETALIATORY DISCHARGE AND RACE DISCRIMINATION**

COME NOW the Plaintiffs, Dionne Jones and Sheila Reed (collectively, "Plaintiffs"), and for their complaint against the Defendant-Company, Concentra Laboratory, LLC, d/b/a Advanced Toxicology Network ("Defendant-Company"), would state unto the Court as follows:

**CLAIM FOR RELIEF**

1.      This claim for relief is instituted pursuant to the provisions of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, as well as the Tennessee common law of retaliatory discharge, to secure redress for the Defendant's unlawful retaliatory discharge of two employees who refused to remain silent about illegal activities, namely, Defendant's violation of the laws and regulations of the United States of America intended to protect the privacy of an individual's health information.

1

2.    This claim for relief is further instituted pursuant to the provisions of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.*, which protect against and secure redress from discrimination in employment on the basis of race.

## PARTIES

3.    Plaintiff Dionne Jones is an African American over the age of 18 and is a resident of Memphis, Shelby County, Tennessee.

4.    Plaintiff Sheila Reed is an African American over the age of 18 and is a resident of Olive Branch, DeSoto County, Mississippi.

5.    The Defendant-Company is a Delaware corporation having its principal place of business at 5080 Spectrum Drive, 1200 West Tower, Addison, Texas, 75001 and is registered with the Tennessee Secretary of State under the assumed name of Advanced Toxicology Network and having its place of business at 3560 Air Center Cove, Suite 101, Memphis, Tennessee 38118. Defendant-Company Concentra is a wholly-owned subsidiary o Humana.

6.    The Defendant-Company is an "employer" as contemplated by the laws cited in paragraphs 1 and 2 of this Complaint.   Defendant's largest client is the United States Department of Transportation ("DOT").

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-10-101.

8.    Venue is proper in this court because the wrongful acts complained of herein took place within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

The allegations set forth in the foregoing paragraphs are incorporated herein by reference as if set forth in full.

9.      At all times relevant, Plaintiffs were employed by the Defendant-Company at Advanced Toxicology Network  ("ATN") in Memphis.

10.     ATN is a certified drug testing and occupational medicine laboratory.  ATN advertises itself as a specialist in testing specimens under a strict, confidential chain of custody process.

11.     Plaintiff Dionne Jones ("Jones") was hired by ATN in 2000.  At the time of her termination on or about September 1, 2011, she held the position of Non-Negative Certifying Scientist ("Lead NNCS") and served as an Alternate Responsible Person.  As an Alternate Responsible Person, Jones had supervisory responsibilities.

12.     Plaintiff Sheila Reed ("Reed") was hired by ATN in February, 2007.  At the time of her termination on or about September 2, 2011, Reed held the position of Non-Negative Certifying Scientist ("NNCS").

13.     The general nature of the Plaintiffs' employment was the lab testing of human fluid samples for the presence of drugs.   In performing their duties, Plaintiffs and their co-workers spoke frequently by phone to authorized agents or representatives of Defendant-Company's clients regarding the status and results of drug tests and other confidential medical information.

14.     Plaintiffs performed their work loyally and diligently.  Plaintiff Jones received positive performance reviews for many years, and in 2009 she was promoted from

NNCS to Lead NNCS. In early 2011 she was given increased responsibility as an Alternate Responsible Person.

15.     Plaintiff Reed was also regularly given positive performance reviews and pay increases.

16.     On or about April 22, 2011, Plaintiff Jones discovered an electronic recording device hidden under the desk of a co-worker, Kathy Atkins ("Atkins"). The recording device was attached to Atkins' computer. Jones discovered that the device was set to automatically record voices in the laboratory.   She listened to the recordings on the device and recognized the voices of Plaintiff Reed and another NNCS, Erica Walton, who appeared to be speaking on the phone with Defendant-Company's clients.

17.     The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and related regulations prohibit the unauthorized recording of confidential medical information.

18.     Plaintiff Jones immediately brought the recording device and apparent HIPAA violations to the attention of Associate Lab Director Dennis Schafer ("Schafer") and Lab Director Lance Presley ("Presley") and gave the device to Presley.  Presley said he would discuss the matter with human resources.

19.     Plaintiff Jones is informed and believes that Presley called Associate Lab Director Craig Knoblock ("Knoblock") about it, and that Knoblock immediately called Atkins to warn her that the device had been found.

20.     On or about April 23, 2011, Atkins sent text messages to Plaintiff Reed and Erica Walton accepting responsibility for the device and apologizing for accidentally recording their voices.

21.    Plaintiff Reed and her fellow staff members became very concerned upon learning about the unlawful recordings. Reed was concerned that the recordings may have captured her speaking to clients on the telephone about information protected by HIPAA.

22.    On or about April 25, 2011, Plaintiff Jones again spoke with Presley and Schafer about her concerns with the recordings and apparent HIPAA violations. Plaintiff Jones demonstrated to Presley that placing the device into record mode required multiple keystrokes and could not have been done merely by accident. Presley told Plaintiff Jones that he was still waiting to discuss the matter with Jennie Patkowa in Defendant's Human Resources office.

23.    On or about April 26, 2011, Atkins approached Plaintiff Reed and again apologized for the recordings. Reed told Atkins to speak to management about it because the recordings were a violation of company policy. Atkins replied that she had already spoken to management about it, and they were "okay with it."

24.    On or about April 26, 2011, Plaintiff Reed spoke to Schafer about her concern that the recordings violated HIPAA.  Several days later, Plaintiff Reed met with Presley and discussed her concerns with him. At that time, Presley agreed that the recordings were not accidental.

25.    On or about May 12, 2011, Plaintiff Reed called Patkowa and Patkowa's supervisor, Laurie Manning, about her concerns with the recordings and the apparent HIPAA violations. Reed also called the "800" number of Defendant's legal department to report the apparent HIPAA violation.

26.    On May 17, 2011, Plaintiff Reed again called Manning about the matter. Manning told Reed that she had discussed it with Patkowa and that she would call her back.

27.    On or about May 19 or 20, 2011, Dennis Shafer and Lance Presley met with ATN staff in the conference room and advised them that ATN had completed its investigation into Atkins' recording device.   Shafer and Presley gave no details, but instructed staff to "move on."

28.    It appeared to Plaintiffs that Defendant was very lax in enforcing the company's HIPAA compliance policies; that Defendant did not conduct a thorough investigation; and that protection of Kathy Atkins took priority over enforcement of HIPAA regulations.

29.    On or about May 19 or 20, 2011, Plaintiff Jones reported the apparent HIPAA violation to Kaye Royal in Defendant's Corporate Privacy and Security Office. Royal told Jones that she was not aware of the matter or of any investigation by Human Resources. Royal told Jones that she would speak to HR about it and possibly the legal team as well.

30.    A week later, on or about May 26, 2011, Patkowa called Plaintiff Jones and told her in a hostile, angry tone that the investigation was over and confidential and that Jones and the staff would need to get over it.

31.    On or about June 2, 2011, Patkowa issued Plaintiff Jones a written, final warning for alleged misconduct. Patkowa falsely accused Jones of "intimidating" colleagues, failing to "use channels available to her to discuss issues and resolve problems" and "promoting discontent among colleagues" by supplying them with "inaccurate information." The written warning contained no specific details. It was the first such discipline and warning that Jones had ever received. Until then, she had maintained an unblemished record over eleven years of employment with ATN.

32.     Patkowa instructed Jones to not speak with the staff about any of the misconduct alleged in the written warning. Patkowa also asked, what did Jones "have against Kathy [Atkins]"? Jones replied that she was only concerned with the apparent HIPAA violation. In reply, Patkowa suggested that Jones had planted the recording device on Atkins' desk.

33.     On August 4, 2011, Plaintiff Reed again reminded Patkowa about her concerns with the HIPAA violations and asked why Atkins had not been given any remedial training regarding patient confidentiality.

34.     On or about August 31, 2011, Patkowa and Manning reopened an investigation into an allegation of misconduct that had been raised a year earlier in October 2010. At that time, an anonymous caller had accused the Plaintiffs of searching around Dennis Shafer's desk, looking for salary information. When Manning interviewed Jones and Reed about the matter in October 2010, she told Plaintiffs that the allegation was unfounded and the investigation was closed. Shafer later confirmed to Jones and Reed that the matter was closed. Craig Knoblock also told Reed that the matter was closed.

35.     On September 1, 2011, Plaintiff Jones was terminated. On the day of her termination, Manning and/or Patkowa told Jones that they had now concluded that back in October 2010, Jones and Reed had not been seeking salary information from Shafer's desk, but an "RTI" report. Manning and/or Patkowa told Jones that they received at least two written statements alleging that either Jones or Reed made a copy of the report while the other held the door open.

36.     The accusation against Plaintiffs was absurd on its face. Jones routinely received "RTI" reports directly by virtue of her position and would not need to

7

surreptitiously take one from Shafer's desk. In fact, all lab techs received a copy for review and training.

37.     The following day, on September 2, 2011, Patkowa escorted Plaintiff Reed off the premises soon after Reed had arrived at work. Patkowa then called Reed at home and informed Reed that she was terminated on the same grounds as Plaintiff Jones.

38.     Plaintiffs are informed and believe and thereupon allege that the reason given for their termination was pretextual and that the true and sole reason for their termination was that they repeatedly spoke out against actions that they reasonably believed were illegal under HIPAA or otherwise in violation of the criminal or civil code of Tennessee or the United States or a regulation intended to protect the public health, safety or welfare.

39.     Additionally and/or alternatively, Plaintiffs are informed and believe and thereupon allege that their refusal to remain silent about the apparent HIPAA violation was a substantial motivating factor in Defendant-Company's decision to terminate their employment.

40.     Plaintiffs are further informed and believe and thereupon allege that Kathy Atkins and other white employees, including Mary Joe Record, were given preferential treatment by their white managers because of their race. Atkins and Record were both found to have committed serious violations of company policy and they were not terminated.

41.     Atkins, for example, was allowed to miss work frequently and was not disciplined for missing mandatory work hours during inspections. Notwithstanding such violations of company policies, Atkins was promoted to the position of Alternate Responsible Person over equally or more qualified African American lab technicians (Certifying Scientists) who followed the rules.

8

42.     When Mary Joe Record inappropriately found salary information on her department supervisor's desk, she used the information she found to complain to her supervisor that an African American co-worker, Shundra Hubbard, was receiving the benefit of shift differential pay.  The supervisor responded to Record's complaint by telling Hubbard that she would have to change her shift to a regular shift or accept a downward adjustment in pay.  Record was allowed to transfer to another department and has since been promoted to the position of Certifying Scientist.   At the time of the incident, both Record and Hubbard held the position of GC/MS Operator.

43.     Plaintiff Jones was the only African American ever to hold the position of Alternate Responsible Person at ATN.

## CAUSES OF ACTION

### COUNT ONE:

### UNLAWFUL DICHARGE IN VIOLATION OF THE TENNESSEE PUBLIC PROTECTION ACT

For count one, Plaintiffs hereby incorporate Paragraphs 1 through 43 above.

44.     As employees of the Defendant-Company, Plaintiffs were protected by the provisions of T.C.A. § 50-1-304.

45.     The actions of the Defendant-Company described in the foregoing paragraphs constitute the unlawful retaliatory discharge of the Plaintiffs for their refusal to remain silent about or participate in illegal activities in violation of Tennessee Code Section 50-1-304.

46.     As a result of the unlawful retaliatory discharge, the Plaintiffs have suffered and will continue to suffer a significant loss of pay and benefits.

47.     As a result of the Defendant-Company's actions, the Plaintiffs are entitled to recover from the Defendant-Company all of their lost pay and benefits, plus interest, future lost pay and benefits as well as their litigation expenses and reasonable attorneys' fees in amounts to be determined by the jury at the trial of this matter.

## COUNT TWO:

## UNLAWFUL RETALIATORY DISCHARGE IN VIOLATION OF THE COMMON LAW AND PUBLIC POLICY OF TENNESSEE

For count two, Plaintiffs hereby incorporate Paragraphs 1 through 47 above.

48.     As employees of Defendant-Company, Plaintiffs were protected by the common law of Tennessee which establishes Plaintiffs' rights to recover past and future lost pay and benefits as well compensatory damages for their emotional pain and suffering, inconvenience, humiliation and embarrassment, loss of enjoyment of life and serious injury to their professional and credit standing for Defendant's unlawful retaliatory discharge in violation of the clear public policy of Tennessee

49.     The Plaintiffs aver that they are also entitled to an award of punitive damages because the actions of the Defendant-Company were willful, in reckless disregard of social obligations, malicious, and/or grossly negligent.  Plaintiffs aver that punitive damages are appropriate in order to deter the Defendant-Company and other companies from engaging in similar acts in the future.

## COUNT THREE:

## VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

For count three, Plaintiffs hereby incorporate Paragraphs 1 through 49 above.

10

50.     The actions of the Defendant-Company described in the foregoing paragraphs constitute a violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.*, which prohibits employers like the Defendant-Company from discriminating against employees on the basis of their race.

51.     As a result of the Defendant-Company's actions, under the THRA the Plaintiffs are entitled to recover all of their lost pay and benefits, plus interest, future lost pay and benefits; compensatory damages for their emotional pain and distress, humiliation and embarrassment; inconvenience; anxiety; loss of the enjoyment of life; and damage to their professional standing and credit rating.

## **PRAYER FOR RELIEF**

WHEREFORE, IN CONSIDERATION OF THE FOREGOING, Plaintiffs pray that upon a trial of this matter before a jury, that the Court:

1.  Enter a judgment in favor of Plaintiffs finding that Defendant's conduct constitutes wrongful discharge in violation of the Tennessee Public Protection Act.

2.  Enter a judgment in favor of Plaintiffs finding that Defendant's conduct constitutes an unlawful retaliatory discharge in violation of the public policy and common law of Tennessee.

3.  Enter a judgment against Defendant's finding that Defendant's conduct constitutes a violation of the Tennessee Human Rights Act ("THRA").

4.  Award Plaintiffs back pay and lost benefits in amounts to be proved at trial.

11

5. Order Defendant to reinstate Plaintiffs to their former positions with the same

   seniority status or, *in lieu* of reinstatement, order Defendant to pay

   front pay and future lost benefits in amounts to be proved at trial.

6. Award Plaintiffs compensatory damages in amounts to be proved at trial, but

   not less than $500,000.

7. Award Plaintiffs punitive damages in an amount to be proved at trial, but not

   less than $500,000.

8. Award Plaintiffs prejudgment interest, the costs of this action, reasonable

   attorneys' fees and litigation expenses; and

9. Award such other relief as the Court deems just and proper under law and

   equity.

Respectfully submitted,

Reva M. Kriegel (BPR # 14930)
Steven W. Barnat (BPR # 028047)
266 South Front Street, Ste. 206
Memphis, Tennessee 38103
Tel: (901) 527-1319 (Ms. Kriegel)
Tel: (901) 527-7701 x 112 (Mr. Barnat)
Fax: (901) 529-9101

*Counsel for Plaintiffs*

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DIONNE JONES and SHEILA REED,

     Plaintiffs,

v.
                                **DOCKET NO.  CT- 003752-12-V**

CONCENTRA LABORATORY, LLC,
d/b/a ADVANCED TOXICOLOGY
NETWORK ("ATN")
                                  **JURY DEMANDED**

     Defendant.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Tennessee Rules of Civil Procedure, Plaintiffs Dionne Jones ("Jones") and Sheila Reed ("Reed") request that Defendant Concentra Laboratory, LLC, d/b/a Advanced Toxicology Network (hereinafter "Defendant" or "ATN")) answer the following written interrogatories, separately and in writing under oath, within the time allowed under the Tennessee Rules of Civil Procedure. Defendant is reminded of its duty to supplement its answers to these interrogatories to the extent provided by Rule 26.05. For each interrogatory or part of each interrogatory which Defendant refuses to answer on the ground of privilege, state the specific nature of the privilege claimed with appropriate citation to the relationship or information claimed to be privileged and the reason for the privilege.

## DEFINITIONS

A.     The terms "you" or "your" means Defendant ATN as well as the attorneys or agents of the Defendant who have information available to the Defendant within the meaning of Rule 33.

B.     The term "person" means any natural person, firm, corporation, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

C.     The term "individual" means any natural person.

D.     The terms "document" or "documents" as used herein are to be construed broadly and shall mean any kind of written, recorded or graphic matter, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telefax, electronic mail or telex messages, memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants'  work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back) check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, charts, accounts, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, pleading, or any other documents or writings of whatever

2

description, including any information contained in any computer or stored separately in electronic

media or removable media (even if not previously printed out) within your custody or control and/or

the custody or control of your employees, agents, including attorneys, accountants, investment

bankers or advisors, or any other person acting or purporting to act on your behalf.

E.      The term "communication" means any contact or act by which information, opinions,

reflections or knowledge is transmitted or conveyed between two or more persons and includes,

without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax,

telex, text message or any other document or method) and oral contacts (whether by face-to-face

meeting, telephone conversations or otherwise).

F.      The terms "and" and "or" shall be construed either disjunctively or conjunctively

whenever appropriate in order to bring within the scope of these interrogatories information or

documents which might otherwise be considered to be beyond their scope.

G.      The singular form of a word shall be interpreted as plural and the plural form of a

word shall be interpreted as singular whenever appropriate in order to bring within the scope of the

interrogatory any information which might otherwise be considered to be beyond their scope.

H.      The phrases "referring to" or "relating to" any given subject, mean any document,

communication or statement that constitutes, contains, embodies, evidences, reflects, identifies,

shows, states, analyzes, supports, refutes, refers to, deals with, arises from, is connected with,

responds to, or is in any manner whatsoever pertinent to that subject.

I.      The term "Defendant" means any subsidiary of Defendant (whether or not wholly

owned), and any affiliate of Defendant, along with any of its respective officers, directors,

3

employees, agents, attorneys and all other persons acting on behalf of Defendant, or any of its or their subsidiaries or affiliates.

J.      The term "Complaint" means the Complaint in this case and any amendments thereto, if any.

K.      The phrases "this case," "this lawsuit," or "this litigation" mean the above styled case.

L.      The term "identify," when used with respect to an individual or individuals, means to state: (1) the name, and present or last-known address(es) and telephone number(s) of any such individual(s); (2) the name of the present or last-known employer, place of employment or business, and job title of any such individual; and (3) if any such individual was affiliated at any time with any party to this litigation, by employment or other contractual relationship, stock ownership or otherwise, to state the nature and dates of such affiliation.

M.      The term "identify," when used with respect to a corporation, partnership or other business entity, means to state: (1) its name; (2) the nature of the business entity; (3) place and date of incorporation, if any; (4) partners, if any; (5) its registered agent; and (6) the address of its principal place of business. If any of the above information is not available, state any other available means of identifying such business entity.

N.      The term "identify," when used with respect to a document or documents, means: (1) to specify the nature of the document (e.g., letter, memorandum, etc.); (2) to state the date appearing on the document, or if no date appears, the date on which such document was prepared; (3) to describe in general the subject matter of the document; (4) to identify each person who wrote, signed, dictated, or otherwise participated in the preparation of the document; (5) to identify each person who was an addressee thereof and all other persons receiving copies thereof; and (6) to identify the

4

present location of the document. If any such document was, but is no longer in your possession or subject to your control, state whether: (a) it is missing or lost; (b) it was destroyed; (c) it was voluntarily or involuntarily transmitted or transferred to other persons and identify such other persons; or (d) it was otherwise disposed of and describe the circumstances of such disposal. In each instance, explain the circumstances surrounding the authorization for such disposition, and state the date or approximate date thereof. If any of the above information is not available, state any other means of identifying such document. Attachment of a true and correct copy of any document to your answers to this Interrogatory shall constitute sufficient identification of the document.

O.     The term "identify," when used with respect to a statement, contact or communication, means: (1) whether it was written or oral, and if written to identify each document comprising or evidencing such statement, contact or communication; (2) to state the date and place of such statement, contact or communication; (3) to identify each person participating therein and each person who was present at the place or places of such statement, contact or communication, or, if not known or recalled by you, the substance of such statement, contact or communication.

P.     The term "identify," when used with respect to an act, incident, event, conduct, occurrence or dealing, means: (1) to state the date(s) and place(s) thereof; (2) to identify all individuals involved and the nature of their involvement and all witnesses thereto; (3) to identify all communications pertaining thereto; (4) to provide a description and to state the substance thereof; and (5) to state the effect, result, or disposition thereof.

Q.     The term "identify", when used with respect to an act, incident, event, conduct, occurrence or dealing, means: (1) to state the date(s) and place(s) thereof; (2) to identify all individuals involved and the nature of their involvement and all witnesses thereto; (3) to identify all

5

communications pertaining thereto; (4) to provide a description and to state the substance thereof; and (5) to state the effect, result, or disposition thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      With respect to each specific interrogatory, please identify each person by name, address and telephone number who provided' and/or participated in providing, information that formed the basis of the answer.  In addition, with respect to each specific request for production, please identify each person by name, address and telephone number who provided, and/or participated in providing, information that formed the basis of the response to the request for production.

**RESPONSE:**

**INTERROGATORY NO. 2:**      Please identify each and every person who Defendant believes has knowledge of any facts relating to the claims and allegations asserted by Plaintiffs in their Complaint, and to the defenses raised by Defendant in its Answer.  For each individual identified, state with specificity the knowledge that each such individual is believed to have and provide the individual's last known address and telephone number.

**RESPONSE:**

**INTERROGATORY NO. 3:**      State each and every reason for which Defendant terminated Plaintiff Dionne Jones' employment and identify each document upon which Defendant relied to support its decision to terminate Plaintiff Dionne Jones' employment.  Your identification

6

or description of each document should supply sufficient detail to support a Rule 34 request for

production of documents.

**RESPONSE:**

**INTERROGATORY NO. 4:**     State each and every reason for which Defendant

terminated Plaintiff Sheila Reed's employment and identify each document upon which Defendant

relied to support its decision to terminate Plaintiff Sheila Reed's employment. Your identification or

description of each document should supply sufficient detail to support a Rule 34 request for

production of documents.

**RESPONSE:**

**INTERROGATORY NO. 5:**     State the name and position of the person(s) who made

the decision to terminate Plaintiff Dionne Jones' employment and state the date of the decision.

**RESPONSE:**

**INTERROGATORY NO. 6:**     State the name and position of the person(s) who made

the decision to terminate Plaintiff Sheila Reed's employment and state the date of the decision.

**RESPONSE:**

**INTERROGATORY NO. 7:**     State the name(s) and position(s) of each person who

was consulted prior to Defendant's decision to terminate Plaintiff Dionne Jones' employment and the

date(s) of each consultation.

7

**RESPONSE:**

**INTERROGATORY NO. 8:**   State the name(s) and position(s) of each person who was consulted prior to Defendant's decision to terminate Plaintiff Sheila Reed's employment and the date(s) of each consultation.

**RESPONSE:**

**INTERROGATORY NO. 9:**   Please state when Plaintiff Dionne Jones was notified that her employment was being terminated, explain how Plaintiff Jones was notified of the termination, and state the name and position of each person who was present when Plaintiff Jones was notified. If there is a gap in time between Defendant's decision to terminate Plaintiff Jones' employment and notification of the decision, please state the reason for the gap.

**RESPONSE:**

**INTERROGATORY NO. 10:**   Please state when Plaintiff Sheila Reed was notified that her employment was being terminated, explain how Plaintiff Reed was notified of the termination, and state the name and position of each person who was present when Plaintiff Reed was notified. If there is a gap in time between Defendant's decision to terminate Plaintiff Reeds' employment and notification of the decision, please state the reason for the gap.

**RESPONSE:**

8

**INTERROGATORY NO. 11:**   Please describe in detail every communication, including but not limited to correspondence, verbal conversations, memoranda, voice mail messages, and electronic communications between any and all agents or employees of Defendant regarding the decision to terminate the employment of Plaintiffs Jones and Reed.

**RESPONSE:**


**INTERROGATORY NO. 12:**   If Defendant contends that Plaintiffs were terminated from their employment with Defendant for violating company policy, please state with specificity the company policy or policies for which they were terminated. Include in your written description (a) the date or dates on which each instance of policy violation by each Plaintiff occurred; (b) the names and positions of all employees who witnessed each instance of policy violation; (c) the names and relationships to Defendant of all persons who reported Plaintiffs' alleged policy violation(s); (d) the consequence or consequences to Defendant of each instance of policy violation; (e) the name and position held by any employee of Defendant who issued any written or oral warning or other discipline administered to Plaintiffs as a result of each instance of policy violation.

**RESPONSE:**


**INTERROGATORY NO. 12:**   With respect to each ATN staff meeting that was held between April 22, 2011 and September 30, 2011 at which staff morale, HIPAA, any

9

allegations of a HIPAA violation, any investigation of an alleged HIPAA violation, Dionne Jones, Sheila Reed and/or Kathy Atkins were discussed or mentioned, please provide the following information: (a) the date and location of each meeting; (b) the identity or identities of the individual or individuals who presided at each meeting; and (c) the identity of each individual who attended each meeting.

**RESPONSE:**

**INTERROGATORY NO. 13:**      Please provide the following information regarding each investigation into any alleged HIPAA violation at ATN in 2011: (a) the substance of the allegation(s); (b) the identity of the person or persons who reported the violation(s); (c) the identity of the person or persons who investigated the allegation(s); (d) the identity of each employee who was interviewed regarding the allegation; (e) the date and location of each interview; (f) the date that each investigation was initiated; (g) the date that each investigation was concluded; (h) the results of the investigation; (i) the identity of the person or persons to whom the results of the investigation were reported; and (j) whether the results of the investigation were memorialized in a written report or any other writing.

**RESPONSE:**

**INTERROGATORY NO. 14:**      Please identify each employee of ATN who was interviewed privately by Jennie Patkowa and/or Laurie Manning in 2011 regarding an alleged HIPAA violation, Kathy Atkins, Dionne Jones and/or Sheila Reed. Please state the date of each

10

discussion and the participants at each interview or discussion.

**RESPONSE:**

**INTERROGATORY NO. 15:**      Please identify each employee whose employment with ATN was involuntarily terminated between January 1, 2006 and September 30, 2011. For each employee identified, please provide the following information: dates of employment; position held at time of termination; race; brief statement of reason for termination; and name and position of person who made the termination decision. (NOTE: To protect confidential information regarding employees of ATN, Plaintiffs are willing to request entry of a consent protective order in this case.)

**RESPONSE:**

**INTERROGATORY NO. 16:**      Please identify each and every employee benefit that was available to Plaintiffs as employees of Defendant. For each benefit listed, state the cost to Defendant and the cost to Plaintiffs for participation.

**RESPONSE:**

**INTERROGAGTORY NO. 17:**      Please identify by full name and dates of employment the employee(s) who assumed the duties performed by Plaintiffs after the termination of their employment by Defendant.   Include in your response the date or dates that the named person(s) assumed these duties.

**RESPONSE:**

**INTERROGATORY NO. 18:**     If Defendant contends that Plaintiffs were terminated for a legitimate, non-retaliatory reason, please state each fact that supports Defendant's position, the source or sources of the information upon which Defendant relied and the date that Defendant became aware of each fact.

**RESPONSE:**

**INTERROGATORY NO. 19:**     Please identify by full name, dates of employment, position held and last known address and telephone number of each person from whom Defendant has obtained a written or audio recorded statement that pertains to the parties' claims and defenses in this case. Include in your response the date the statement was taken and the method by which the statement was recorded.

**RESPONSE:**

**INTERROGATORY NO. 20:**     Please identify by name, address and telephone number, as well as profession and occupation, each and every expert who has been retained on Defendant's behalf to render advice, assistance or testimony at trial relating to the issues in this case, including the facts known to and opinions rendered by such expert(s). As to each expert that Defendant expects to call at trial, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to

12

testify, and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 21:**   Please state Plaintiff Jones' starting rate of pay at ATN and her rate of pay at the time of her termination.

**RESPONSE:**

**INTERROGATORY NO. 22:**   Please state Plaintiff Reed's Jones starting rate of pay at ATN her rate of pay at the time of her termination.

**RESPONSE:**

**INTERROGATORY NO. 23:**   Please provide the following information pertaining to Katy Atkins: (a) date of hire; (b) position for which she was hired; (c) compensation at time of hire; (d) positions held and all promotions since date of hire; (d) date(s) of each promotion; (e) supervisor to whom she reported in each position; (f) rate of pay on September 1, 2011; (g) current rate of pay; and (h) race.

**RESPONSE:**

**INTERROGATORY NO. 24:**   Please provide the following information pertaining to Mary Joe Record: (a) date of hire; (b) position for which she was hired; (c) compensation at time of hire; (d) positions held and all promotions since date of hire; (d) date(s) of each

promotion; (e) supervisor to whom she reported in each position; (f) rate of pay on

September 1, 2011; (g) current rate of pay; and (h) race.

**INTERROGATORY NO. 25:**     Please state all specific incidents -- including dates

of each incident, witnesses to each incident, and identity of persons who reported each incident --

that support Jennie Patkowa's accusations against Plaintiff Jones, as set forth in the written

warning that Patkowa issued to Jones on or about June 2, 2011-- to the effect that Jones

intimidated co-workers, promoted "discontent among colleagues", failed to "use channels

available to her to discuss issues and resolve problems" and supplied colleagues with "inaccurate

information."

**RESPONSE:**

Respectfully submitted,

Reva M. Kriegel, BPR #14930
Steven W. Barnat, BPR # 28047
266 South Front Street, Suite 206
Memphis, TN 38103
Phone: (901) 527-1319
Facsimile: (901) 529-9101
Email: kriegelreva@hotmail.com
*Attorneys for Plaintiffs Dionne Jones and Sheila Reed*

14

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document has been served on Defendant *via U.S. CERTIFIED MAIL,* postage prepaid, c/o CORPORATION SERVICE COMPANY (Defendant's registered agent in Tennessee), 2908 Poston Ave., Nashville, TN 37203-1312 and *via U.S.* Mail, postage prepaid, on Russell W. Jackson, Esq., and Carl Morrison, Esq., attorneys for Defendant Concentra, LLC *d/b/a Advanced Toxicology Network ("ATN"),* at OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., International Place Tower II, 6410 Poplar Avenue, Suite 300, Memphis, TN 38119 on this the 5<u>th</u> day of September, 2012.

15

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**DIONNE JONES and SHEILA REED,**

    **Plaintiffs,**

v.                                          **DOCKET NO. CT-003752-12-V**

**CONCENTRA LABORATORY, LLC,**
**d/b/a ADVANCED TOXICOLOGY**
**NETWORK ("ATN")**                         <u>**JURY DEMANDED**</u>

    **Defendant.**

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure, Plaintiffs Dionne Jones ("Jones") and Sheila Reed hereby requests that Defendant Concemtra Laboratory, LLC, d/b/a Advanced Toxicology Network ("ATN") ("Defendant" or "ATN") make a written response to the following requests for production of documents within the time limit prescribed by law or as otherwise agreed upon by counsel.

Defendant is reminded that in producing these documents, Defendant is to furnish such documents as are available to Defendant, its attorneys or agents, and all persons acting on behalf of, or under the control of, Defendant. This means that Defendant is to furnish documents, which are in the possession of any of Defendant's agents and attorneys, or which are otherwise subject to Defendant's control or custody and reasonably available to Defendant.

If any of the documents requested cannot be furnished in full, Defendant should furnish to the extent possible those documents available, and Defendant should specify the reason for the inability to supply whatever document is not available. Defendant should also be informed that

if, subsequent to responding to these requests, Defendant obtains or becomes aware of further documents within the scope of these requests, Defendant should notify Plaintiff's attorneys and provide such documents within thirty (30) days of becoming aware of them.

Pursuant to Rule 26.02(5) of the Tennessee Rules of Civil Procedure, Defendant is reminded that when it withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection as trial preparation material, Defendant shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the applicability of the privilege protection.

Finally, pursuant to Rule 26.05 of the Tennessee Rules of Civil Procedure, Defendant is under a duty to seasonably amend a prior response to a request for production if the Defendant learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

## DEFINITIONS

A.   The terms "you" or "your" means Defendant Concentra Laboratory, LLC, d/b/a Advanced Toxicology Network ("ATN") and the attorneys, or agents of the Defendant who have information available to the Defendant within the meaning of Rules 26.02(1) and 33.01.

B.   The term "person" means any natural person, firm, corporation, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

C.   The term "individual" means any natural person.

D.   The terms "document" or "documents" as used herein are to be construed broadly

2

and shall mean any kind of written, recorded or graphic matter, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telefax, electronic mail or telex messages, memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants☐ work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back) check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, charts, accounts, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, pleading, or any other documents or writings of whatever description, including any information contained in any computer or stored separately in electronic media or removable media (even if not previously printed out) within the custody or control of you or any of your employees, agents, including attorneys, accountants, investment bankers or advisors, or any other person acting or purporting to act on your behalf.

   E.  The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax, telex or any other document or method) and oral contacts (whether by face-to-face meeting, telephone conversations or otherwise)

   F.  The terms "and" and "or" shall be construed either disjunctively or conjunctively

whenever appropriate in order to bring within the scope of these Interrogatories information or documents which might otherwise be considered to be beyond their scope.

G.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of the Interrogatory any information which might otherwise be considered to be beyond their scope.

H.     The term "conduct" means any act of commission, omission, or action or inaction.

I.     The phrases "referring to" or "relating to" any given subject, or any similar or related phrases, mean any document, communication or statement that constitutes, contains, embodies, evidences, reflects, identifies, shows, states, analyzes, supports, refutes, refers to, deals with, arises from, is connected with, responds to, or is in any manner whatsoever pertinent to that subject.

J.     The phrase "Complaint" means the Complaint filed in this case and any amendments thereto, if any.

K.     The phrases "this case," "this lawsuit" or "this litigation" mean the above-styled case.

## INSTRUCTIONS

A.     In the event you decline to produce any document requested here on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject and length), state the privilege relied upon and the facts supporting such claim, and identify all persons who have or have had access to or received a copy of the documents or any portion thereof.

B.     If the documents requested in this First Request for Production of Documents to Defendant are unavailable because they have been lost or destroyed, or are otherwise not available to Defendant, identify which documents are unavailable, by date, author, addressee and subject matter; state when the documents became unavailable and why; state further the identity of the person who last saw them; and state what happened to the documents to make them unavailable.

C.    These requests are continuing in nature; if after responding to the requests, Defendants object or become aware of any further documents responsive to these requests, a supplementary response is required.

D.    To the extent that any single Request for Production or portion of such is deemed to be objectionable, you are still to answer those non-objectionable Requests for Production or portions of such and state fully the basis for your objection.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    Please produce all documents, data compilations, and tangible things in the possession, custody, or control of the Defendant that are relevant to the facts alleged in the Complaint filed by Plaintiffs Jones and Reed, as well as any of the defenses (including affirmative defenses) raised by Defendant in its Answer.

**REQUEST NO. 2:**    Please produce Plaintiff Jones' complete personnel file, as well as all other files concerning Plaintiff Jones which are in the possession, custody, or control of Defendant.

**REQUEST NO. 3:**    Please produce Plaintiff Reed's complete personnel file, as well as all other files concerning Plaintiff Reed which are in the possession, custody, or control of Defendant.

**REQUEST NO. 4:**    Please produce all documents upon which Defendant ATN relied in making its decision to terminate the employment of Plaintiffs Jones and Reed.

**REQUEST NO. 5:**    Please produce all statements that concern or pertain to Plaintiffs Jones and/or Reed  that were submitted to any employee or agent of Defendant by any of

Plaintiffs' co-workers or supervisors.

**REQUEST NO. 6:**   Please produce all documents that reflect or pertain to any complaints from any source against Plaintiff Jones.

**REQUEST NO. 7:**   Please produce all documents that reflect or pertain to any complaints from any source against Plaintiff Reed.

**REQUEST NO. 8:**    Please produce a copy of any and all employee handbooks and/or personnel manuals in effect from the beginning of the Plaintiffs' employment to the present.

**REQUEST NO. 9:**    Please provide a copy of any and all documents maintained by Defendant containing evaluations of Plaintiff Jones' performance during the course of her employment with Defendant.

**REQUEST NO. 10:**  Please provide a copy of all documents maintained by Defendant containing evaluations of Plaintiff Reed's performance during the course of her employment with Defendant.

**REQUEST NO. 11:**  Please produce all documents relating to any disciplinary or corrective action taken against Plaintiff Jones during the course of her employment with Defendant.

**REQUEST NO. 12:**  Please produce all documents relating to any disciplinary or corrective action taken against Plaintiff Reed during the course of her employment with Defendant.

6

**REQUEST NO. 13:** Please produce any and all performance improvement plans given to Plaintiff Jones during her employment with Defendant.

**REQUEST NO. 14:** Please produce any and all performance improvement plans given to Plaintiff Reed during her employment with Defendant.

**REQUEST NO. 15:** Please produce any and all documents indicating that Plaintiff Jones was not performing her position to the expectations of Defendant.

**REQUEST NO. 16:** Please produce any and all documents indicating that Plaintiff Reed was not performing her position to the expectations of Defendant.

**REQUEST NO. 17:** Please produce all documents that set forth Defendant's HIPAA compliance policies and procedures that were in effect in 2010 and 2011.

**REQUEST NO. 18:** Please produce all documents that pertain to and/or describe the training provided to Defendant's employees regarding their duties and obligations with respect to HIPAA.

**REQUEST NO. 19:** Please produce all documents that show when and where each and every person who was employed by Defendant as a Non-Negative Certifying Scientist ("NNCS") in 2010 and 2011 received training in HIPAA compliance.

**REQUEST NO. 20:** Please produce all documents that set forth Defendant's policies and procedures as guidance for employees who seek to report apparent or possible violations of state or federal law and/or regulations.

REQUEST NO. 21: Please produce all documents the pertain to any investigation or inquiry conducted by Defendant after receiving information from Plaintiff Jones to the effect that Jones discovered an electronic recording device under Kathy Atkins desk and that the device was set to automatically record voices in the laboratory.

REQUEST NO. 22: Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Lance Presley that mention or concern Plaintiff Jones.

REQUEST NO. 23: Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Lance Presley that mention or concern Plaintiff Reed.

REQUEST NO. 24: Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Lance Presley that mention or concern Kathy Atkins.

REQUEST NO. 25: Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Dennis Shafer that mention or concern Plaintiff Jones.

REQUEST NO. 26: Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Dennis Shafer that mention or concern Plaintiff Reed.

REQUEST NO. 27: Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Dennis Shafer that mention or concern

Kathy Atkins.

**REQUEST NO. 28:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Craig Knoblock that mention or concern Plaintiff Jones.

**REQUEST NO. 29:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Craig Knoblock that mention or concern Plaintiff Reed.

**REQUEST NO. 30:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Craig Knoblock that mention or concern Kathy Atkins.

**REQUEST NO. 31:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Jennie Patkowa that mention or concern Plaintiff Jones.

**REQUEST NO. 32:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Jennie Patkowa that mention or concern Plaintiff Reed.

**REQUEST NO. 33:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Jennie Patkowa that mention or concern Kathy Atkins.

**REQUEST NO. 34:**  Please produce all documents including, without limitation, all

notes, memoranda, calendars, and emails maintained by Laurie Manning that mention or concern Plaintiff Jones.

**REQUEST NO. 35:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Laurie Manning that mention or concern Plaintiff Reed.

**REQUEST NO. 36:**  Please produce all documents including, without limitation, all notes, memoranda, calendars, and emails maintained by Laurie Manning that mention or concern Kathy Atkins.

**REQUEST NO. 37:**  Please produce the annual EEO reports submitted by Defendant for ATN to the  Federal Contract Compliance Office of the U. S. Department of Labor for the years 2005 – 2011.

**REQUEST NO. 38:**  Please produce any and all documents provided to and received from any testifying or consulting expert witness retained by Defendant in connection with this case, including any and all resumes of said experts and curriculum vitae.

**REQUEST NO. 39:**  Please produce the following documents concerning any person who Defendant may use at trial to present evidence under the Tennessee Rules of Evidence 702-705:

A written report prepared and signed by the witness containing; a complete statement of all opinions to be expressed and the basis and reasons supporting the opinion;  the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of, or as support for, the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be

paid for the study and testimony; and, a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**REQUEST NO. 40:**  Please produce any and all documents concerning employee benefits, employee pension plans, employee retirement plans, and employee welfare plans for which Plaintiff Jones was eligible immediately prior to Plaintiff Jones' discharge or for which Plaintiff Jones would have become eligible at any time had she continued working for Defendant, or for which Defendant deducted money from Plaintiff Jones' paycheck or contributed money to or for which Defendant would have deducted money from Plaintiff Jones' paycheck or contributed money to had Jones continued working for Defendant.

**REQUEST NO. 41:**  Please produce any and all documents concerning employee benefits, employee pension plans, employee retirement plans, and employee welfare plans for which Plaintiff Reed was eligible immediately prior to Plaintiff Reed's discharge or for which Plaintiff Reed would have become eligible at any time had she continued working for Defendant, or for which Defendant deducted money from Plaintiff Reed's paycheck or contributed money to or for which Defendant would have deducted money from Plaintiff Reed's paycheck or contributed money to had Reed continued working for Defendant.

**REQUEST NO. 42:**  Please produce any and all documents showing the dollar value to Plaintiff Jones or the cost to you of each such employee benefit, employee retirement plan, or employee welfare plan, including, if applicable, the COBRA rate, and any and all documents showing any calculation of benefits for the Plaintiff Jones.

**REQUEST NO. 43:**  Please produce any and all documents showing the dollar value to Plaintiff Reed or the cost to you of each such employee benefit, employee retirement plan, or employee welfare plan, including, if applicable, the COBRA rate, and any and all documents

showing any calculation of benefits for the Plaintiff Reed.

**REQUEST NO. 44:**  Please produce any and all photographs, films and/or videotapes concerning Plaintiff Jones taken at any time by any person, which are in the Defendant's possession, custody and/or control.

**REQUEST NO. 45:**  Please produce any and all photographs, films and/or videotapes concerning Plaintiff Reed taken at any time by any person, which are in the Defendant's possession, custody and/or control.

**REQUEST NO. 46:**  Please produce any and all audio recordings concerning Plaintiff Jones taken at any time by any person, which are in the Defendant's possession, custody and/or control.

**REQUEST NO. 46:**  Please produce any and all audio recordings concerning Plaintiff Reed taken at any time by any person, which are in the Defendant's possession, custody and/or control.

**REQUEST NO. 47:**  Please produce any and all documents reflecting, indicating or relating to any statements taken or received by Defendant, its attorneys, agents or representatives, from Plaintiffs or any other person who has information or knowledge relating to the events alleged in Plaintiffs' complaint and/or the defenses and claims raised by Defendant.

**REQUEST NO. 48:**  Please produce any and all other documents, diagrams, drawings, photographs, and demonstrative aids not already produced herein, which Defendant intends to use at trial.

12

**REQUEST NO. 49:** Please produce any and all documents that relate in any way to Defendant's Answers to Plaintiffs' First Set of Interrogatories.

**REQUEST NO. 50:** Please produce any and all documents in Defendants' possession, custody or control that might be used to impeach Plaintiffs at trial.

**REQUEST NO. 51:** Please produce any and all documents relating to the affirmative defense(s), if any, raised by Defendant.

**REQUEST NO. 52:** If Defendant contends that Plaintiffs failed to mitigate their damages, please produce all documents that support Defendant's contention.

**REQUEST NO. 53:** Please produce any and all documents constituting or memorializing any commendations, awards, nominations for commendations or awards, recognitions of achievement, or certificates of achievement given to Plaintiffs by Defendant.

**REQUEST NO. 54:** Please produce a copy of Defendant's employee grievance policies and procedures that were in effect in 2010 and 2011.

**REQUEST NO. 55:** Please produce a copy of Defendant's employee discipline policies and procedures that were in effect in 2010 and 2011.

**REQUEST NO. 56:** Please produce a copy of all documents that Defendant's decision makers reviewed in making their decision to terminate Plaintiff Dionne Jones' employment.

**REQUEST NO. 57:** Please produce a copy of all documents that Defendant's decision makers reviewed in making their decision to terminate Plaintiff Sheila Reed's employment.

**REQUEST NO. 49:** Please produce any and all documents that relate in any way to Defendant's Answers to Plaintiffs' First Set of Interrogatories.

**REQUEST NO. 50:** Please produce any and all documents in Defendants' possession, custody or control that might be used to impeach Plaintiffs at trial.

**REQUEST NO. 51:** Please produce any and all documents relating to the affirmative defense(s), if any, raised by Defendant.

**REQUEST NO. 52:** If Defendant contends that Plaintiffs failed to mitigate their damages, please produce all documents that support Defendant's contention.

**REQUEST NO. 53:** Please produce any and all documents constituting or memorializing any commendations, awards, nominations for commendations or awards, recognitions of achievement, or certificates of achievement given to Plaintiffs by Defendant.

**REQUEST NO. 54:** Please produce a copy of Defendant's employee grievance policies and procedures that were in effect in 2010 and 2011.

**REQUEST NO. 55:** Please produce a copy of Defendant's employee discipline policies and procedures that were in effect in 2010 and 2011.

**REQUEST NO. 56:** Please produce a copy of all documents that Defendant's decision makers reviewed in making their decision to terminate Plaintiff Dionne Jones' employment.

**REQUEST NO. 57:** Please produce a copy of all documents that Defendant's decision makers reviewed in making their decision to terminate Plaintiff Sheila Reed's employment.

**REQUEST NO. 58:**  Please produce a copy of any and all complaints brought against Plaintiff Jones  by any employee, supervisor or client/customer of Defendant.

**REQUEST NO. 59:**  Please produce a copy of any and all complaints brought against Plaintiff Reed  by any employee, supervisor or client/customer of Defendant.

**REQUEST NO. 60:**  Please produce a copy of all documents that pertain to any and all investigations conducted into any complaint brought against Plaintiff Jones.

**REQUEST NO. 61:**  Please produce a copy of all documents that pertain to any and all investigations conducted into any complaint brought against Plaintiff Reed.

**REQUEST NO. 62:**  Please produce a copy of Defendant's investigative procedures in effect in 2010 and 2011.

**REQUEST NO. 63:**  Please produce any and all documents in Defendant's possession or control that Defendant will use to support its defenses against the Plaintiff's claims.

**REQUEST NO. 64:**  Please produce any and all documents in Defendant's possession or control that relate in any way to the Defendant's affirmative defenses.

**REQUEST NO. 65:**  Please produce any and all e-mails, electronically stored information, or other communications in the Defendant's possession or control concerning the Plaintiffs.

REQUEST NO. 66: Please produce a copy of all documents, including organization charts and other schematics that show and/or pertain to Defendant's chain of command in 2010 and 2011.

REQUEST NO. 67: Please produce all documents that show, reflect and/or indicate Plaintiff Jones' compensation history throughout her employment with Defendant.

REQUEST NO. 68: Please produce all documents that show, reflect and/or indicate Plaintiff Jones' compensation history throughout her employment with Defendant.

REQUEST NO. 69: Please produce a copy of any and all allegations brought against Plaintiffs at any time during their employment with De fendant.

REQUEST NO. 70: Please produce a copy of Defendant's privilege log.

Respectfully submitted,

Reva M. Kriegel, #14930
Steven W. Barnat, # 28047
266 South Front Street, Suite 206
Memphis, TN 38103
Phone: (901) 527-1319
Facsimile: (901) 529-9101
kriegelreva@hotmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served on Defendant *via U. S. CERTIFIED MAIL*, postage prepaid, on CORPORATION SERVICE COMPANY (Defendant's registered agent in Tennessee), 2908 Poston Ave., Nashville, TN 37203-1312 and *via U. S. MAIL*, postage prepaid, on Russell W. Jackson, Esq. and Carl K. Morrison, Esq. at OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C., International

Place Tower II, 6410 Poplar Avenue, Suite 300,  Memphis, TN 38119 on this the 5th day of
September,  2012.

CERTIFIED MAIL

7012 0470 0001 3579 6976

UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 007.80⁰
0004443332  SEP 05  2012
MAILED FROM ZIP CODE 38103

Reva M. Kriegel
Attorney at Law
266 South Front Street
Suite 206
Memphis, TN 38103

Concentra Laboratory, LLC, d/b/a Advanced
Toxicology Network
c/o CORPORATION SERVICE COMPANY,
Registered Agent
2908 Poston Avenue
Nashville, TN 37203-1312